IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Christine G. Kelly, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:00-2371-DCN-JRM |
| | ) | |
| vs. | ) | |
| | ) | **ORDER and OPINION** |
| Jo Anne B. Barnhart, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Magistrate Judge Joseph R. McCrorey's

recommendation that this court affirm the Commissioner's decision denying plaintiff

Christine G. Kelly's application for disability insurance benefits ("DIB") under the Social

Security Act, 42 U.S.C. § 401-33.  This record includes a Report and Recommendation

("Report") of the magistrate judge made in accordance with 28 U.S.C. § 636(b)(1)(B).

## I.    PROCEDURAL BACKGROUND

The Report succinctly summarizes this action's lengthy procedural history.

On June 18, 1997, Plaintiff applied for DIB.  Plaintiff's application
was denied initially and on reconsideration, and she requested a hearing
before an administrative law judge ("ALJ").  After a hearing held June 4,
1998, at which plaintiff appeared and testified, the ALJ issued a decision
dated March 8, 1999, denying benefits and finding that plaintiff was not
disabled.  The Appeals Council denied plaintiff's request for review on July
14, 2000, and plaintiff filed this action. On January 30, 2001, the undersigned,
on motion of the Commissioner, remanded this action under sentence six of
42 U.S.C. § 405(g) for further administrative proceedings.  The Commissioner
was directed to reconsider whether plaintiff has a severe impairment, to
consider the medical opinion evidence, and to evaluate plaintiff's subjective
complaints.  The Appeals Council remanded the case to the ALJ on April 9,
2001.  The ALJ held a hearing on September 18, 2001.  Prior to the issuance
of his decision, it came to the ALJ's attention that plaintiff has filed another
application for DIB on July 3, 2000.  That application had also been denied
initially and on reconsideration, the plaintiff requested another ALJ hearing

on September 26, 2001.  The ALJ consolidated the applications, and held an
additional hearing on October 15, 2002. On December 16, 2002, the ALJ
issued a decision denying plaintiff benefits because he found that plaintiff
could perform her past relevant work.

Report at 1-2.  On March 1, 2006 the magistrate judge recommended that the ALJ's

decision be affirmed.  Plaintiff filed a timely objection to the magistrate judge's Report,

to which defendant has filed a response.

## II.      SCOPE OF REVIEW

This court is charged with conducting a de novo review of any portion of the

magistrate judge's Report to which a specific, written objection is made.  28 U.S.C.

§ 636(b)(1)C).  A party's failure to object is accepted as agreement with the conclusions

of the magistrate judge. Thomas v. Arn, 474 U.S. 140 (1985).  This court is not required

to review, under a de novo standard, or any other standard, the factual findings and legal

conclusions of the magistrate judge to which the parties have not objected.  Id. at 149-50.

A party's general objections are not sufficient to challenge a magistrate judge's findings.

Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991).

The recommendation of the magistrate judge carries no presumptive weight, and

the responsibility to make a final determination remains with this court.  Mathews v.

Weber, 423 U.S. 261, 270 (1976).  This court may accept, reject, or modify the Report of

the magistrate judge, in whole or in part, or may recommit the matter to him with

instructions for further consideration.  28 U.S.C. § 636(b)(1)(C).

Although this court may review the magistrate judge's recommendation de novo,

judicial review of the Commissioner's final decision regarding disability benefits "is

limited to determining whether the findings of the [Commissioner] are supported by

substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907

F.2d 1453, 1456 (4th Cir. 1990).  "Substantial evidence" has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a
> particular conclusion.  It consists of more than a mere scintilla of evidence
> but may be somewhat less than a preponderance.  If there is evidence to
> justify a refusal to direct a verdict were the case before a jury, then there is
> "substantial evidence."

Id. (internal citation omitted). "[I]t is not within the province of a reviewing court to

determine the weight of the evidence, nor is it the court's function to substitute its

judgment for that of the [Commissioner] if his decision is supported by substantial

evidence." Id.  Instead, when substantial evidence supports the Commissioner's

decision, this court must affirm that decision even if it disagrees with the Commissioner.

Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).  "Ultimately, it is the duty of

the administrative law judge reviewing a case, and not the responsibility of the courts, to

make findings of fact and to resolve conflicts in the evidence." Hays, 907 F.2d at 1456.

## III.     ANALYSIS

As the ALJ noted, the specific issue before him was "whether [plaintiff] is under a

disability, which is defined as the inability to engage in any substantially gainful activity

by reason of any medically determinable physical or mental impairment that can be

expected to result in death or that has lasted or can be expected to last for a continuous

period of not than 12 months." ALJ Decision at 2.  This court reviews the ALJ's findings

as to those issues to determine whether they are supported by substantial evidence and

whether proper legal standards are applied.

The Social Security Act defines "disability" as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months." 42 U.S.C.

§ 423(d)(1)(A). The Social Security Regulations establish a sequential evaluation

process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520,

416.920. Under this process, the ALJ must determine in sequence: (1) whether the

claimant is currently engaged in substantial gainful activity; (2) if not, whether the

claimant has a severe impairment; (3) if so, whether that severe impairment meets or

equals an illness contained in 20 C.F.R. Part 4, Subpart P, Appendix 1, which warrants a

finding of disability without considering vocational factors; (4) if not, whether the

impairment prevents him or her from performing past relevant work; and (5) if so,

whether the claimant is able to perform other work considering both his remaining

physical and mental capacities (defined as Residual Functional Capacity or "RFC") and

his vocational capabilities (age, education, and past work experience) to adjust to a new

job. Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); see also Pass v. Chater, 65

F.3d 1200, 1203 (4th Cir. 1995) (quoting 20 C.F.R. § 416.920). The applicant bears the

burden of production and proof during the first four steps of the inquiry. Pass, 65 F.3d at

1203 (internal citation omitted). If the sequential evaluation process proceeds to the fifth

step, the burden shifts to the Commissioner to show that other work is available in the

national economy which the claimant could perform. Id.; see also Bowen v. Yuckert,

482 U.S. 137, 146 n.5 (1987) (discussing burden of proof).

In this instance, plaintiff alleges she became disabled starting July 10, 1996, due

to sacroilitis, with piriformis syndrome, causing low back pain, right hip, and leg pain,

diabetes mellitus, obesity, and constant pain. The ALJ determined that while plaintiff's

4

impairments are severe, she nevertheless retains a residual functional capacity to perform her past relevant work. ALJ Decision at 14.  As mentioned, plaintiff has filed timely objections to the magistrate judge's Report that the ALJ's decision be affirmed.  These objections are considered in detail below.

### a.    Plaintiff's Objections

Plaintiff objects to the ALJ's analysis regarding plaintiff's treating physician, the ALJ's conclusion regarding her past relevant work, and the ALJ's evaluation of plaintiff's pain.

### i.    Treating Physician's Opinion

Plaintiff contends the ALJ applied the wrong standard in considering the opinion of her treating physician. Specifically, plaintiff contends the ALJ should have accorded the opinion some weight, rather than rejecting it outright.  Dr. Green Neal repeatedly concluded that plaintiff was disabled.  ALJ Decision at 12.

A treating physician's opinion is accorded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." 20 C.F.R. § 404.1527(d)(2).  "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). The Fourth Circuit has noted a treating physician's testimony "is ignored only if there is persuasive contradictory evidence."  Foster v. Heckler, 780 F.2d 1125, 1130 (4th Cir. 1986).  However, the Social Security Regulations distinguish between according an opinion less weight and completely rejecting the opinion.  A finding that the opinion is

not well-supported does not mean the court can disregard the opinion:

> Adjudicators must remember that a finding that a treating source medical
> opinion is not well-supported by medically acceptable clinical and
> laboratory diagnostic techniques or is inconsistent with the other
> substantial evidence in the case record means only that the opinion is not
> entitled to "controlling weight," not that the opinion should be rejected.
> Treating source medical opinions are still entitled to deference and must
> be weighed using all of the factors provided in 20 CFR § 404.1527 and
> § 416.927. In many cases, a treating source's medical opinion will be
> entitled to the greatest weight and should be adopted, even if it does not
> meet the test for controlling weight.

SSR 96-2p.  Plaintiff claims the ALR rejected Neal's opinion without according it any

deference.  However, the ALJ's ruling does not reject Neal's conclusions outright:

> In this case, Dr. Neal has described functional limitations that would
> preclude all work activity.  He stated, however, that those limitations were
> based almost entirely upon the claimant's subjective complaints. His
> findings, and those of other physicians, do not show objective clinical
> findings to support restrictive limitations and I find that the conclusions of
> Dr. Neal are not supported by objective medical evidence and are not
> persuasive in evaluating the claimaint's work limitations.

ALR Decision at 12-13.  The ALJ did not completely reject Dr. Neal's conclusions;

rather, he determined they were not persuasive in light of other record evidence.

Therefore, the ALJ applied the correct legal standard in considering the treating

physician's opinion.

### ii.        Pain Evaluation

Plaintiff contends the ALJ did not apply the correct, two-step process in

evaluating her pain.  See ALJ Decision at 11.  In assessing credibility and complaints of

pain, there must "be objective medical evidence showing the existence of a medical

impairment(s) which results from anatomical, physiological, or psychological

abnormalities and which could reasonably be expected to produce the pain or other

symptoms alleged." <u>Craig</u>, 76 F.3d at 594.  For the pain to be found disabling, "there

must be shown a medically determinable impairment which could reasonably be expected

to cause not just pain, or some pain, or pain of some kind or severity, but the pain the

claimant alleges she suffers." <u>Id</u>.  If that threshold is met, then the adjudicator is to

evaluate the "intensity and persistence of the claimants's pain, and the extent to which it

affects her ability to work." <u>Id</u>.

      Plaintiff contends the ALJ misapplied the first prong.  The ALJ concluded that

"[t]he medical evidence in this case does establish the existence of a medically

determinable impairment that is capable of producing some pain and other subjective

symptoms." ALJ Decision at 11.  Rather than inquiring whether an impairment caused

the pain that claimant alleged, as <u>Craig</u> requires, the ALJ concluded that an impairment

existed which produced "some pain."  This analysis is inconsistent with <u>Craig's</u> specific

notation that the adjudicator must conclude that the impairment caused not just any pain,

but the pain claimant alleges.

      To the extent this is an error, it favors plaintiff.  The ALJ apparently applied a

less-stringent standard for evaluating pain.  Further, this prong was not dispostive in the

final evaluation of plaintiff's claim.  As such, even if it is the improper standard, it is not

prejudicial.

      Plaintiff further contends that the ALJ misapplied the second prong of this

evaluation.

> When the existence of a medically determinable physical or mental
> impairment(s) that could reasonably be expected to produce the symptoms
> has been established, the intensity, persistence, and functionally limiting
> effects of the symptoms must be evaluated to determine the extent to
> which the symptoms affect the individual's ability to do basic work

> activities.  This requires the adjudicator to make a finding about the
> credibility of the individual's statements about the symptom(s) and its
> functional effects.

SSR 96-7p.  The regulations also require the adjudicator to state

> specific reasons for the finding on credibility, supported by the evidence
> in the case record, and must be sufficiently specific to make clear to the
> individual and to any subsequent reviewers the weight the adjudicator
> gave to the individual's statements and the reasons for that weight.

Id.  Plaintiff contends the ALJ failed to properly address this prong.  In evaluating

plaintiff's credibility as to her statements regarding her symptoms and their effects, the

ALJ specifically cites the findings and comments of various physicians who have

evaluated plaintiff, and plaintiff's own work history and treatment regime.  ALJ Decision

at 11-12.  As such, the ALJ adequately considered the second prong of the pain

evaluation, and his decision is supported by substantial evidence.

### iii.      Past Relevant Work

Plaintiff contends the ALJ did not perform an adequate residual functional

capacity assessment pursuant to SSR 96-8P.  Specifically, plaintiff argues the ALJ failed

to do a function-by-function assessment of plaintiff's limitations and restrictions.  This

assessment identifies "the individual's functional limitations or restrictions and assess[es]

his or her work-related abilities on a function-by-function basis, including" physical,

mental and other abilities and limitations.  SSR 96-8P(2) (citing 20 C.F.R. § 404-

1545(b)(c)(d)).  This assessment considers only those limitations that result from the

claimant's medically determinable impairment. SSR 96-8p(2).

The ALJ specifically notes the physical and mental limitations claimed by

plaintiff, including restrictions on the period of time she could sit and/or stand, limits of

8

the amount of weight she could lift, and difficulty concentrating.  ALJ Decision at 11.

However, the ALJ noted "the evidence as to the claimant's condition, activities, and

capabilities is not consistent with the degree of disabling impairment she asserted."  Id.

In light of this finding, the ALJ reviewed the record evidence and concluded

> Claimant retains the residual functional capacity to perform a range of
> medium work, restricted to preclude more than occasional climbing of ladders
> and scaffolds.  The claimant's mental limitations further restrict her residual
> functional capacity to preclude work requiring more than limited contact with
> the general public and work requiring extended periods of concentration.

Id. at 343.  The ALJ did not apply the incorrect legal standard in assessing plaintiff's

RFC.  As noted, the RFC assessment is to consider only those limitations that result from

a medically determinable impairment.  The ALJ identified plaintiff's claimed functional

limitations, considered the record medical evidence, and concluded the evidence did not

support the asserted functional limitations.  The ALJ's concluded plaintiff's functional

limitations are as specified in the paragraph excerpted above.  This analysis is consistent

with Social Security Regulations.

Plaintiff also contends the ALJ's RFC assessment is inconsistent with the finding

that plaintiff can return to her past relevant work as an order filler and knitter.  The ALJ

noted

> As the claimant described her past work, she performed those jobs at the
> light level of exertion.  Those jobs are generally performed in the national
> economy at the medium level of exertion, as described in the Dictionary of
> Occupational Titles.  Neither job requires frequent contact with the
> general public or other activities inconsistent with the claimant's physical
> or mental residual functional capacity.

ALJ Decision at 13.  The DOT description is presumptively applicable to claimant's prior

work. See DeLoatche v. Heckler, 715 F.2d 148, 151 (4th Cir. 1983).  As indicated by the

9

ALJ, the DOT strength exertion rating for both positions is medium.  Also as referenced

by the ALJ, the DOT description notes that neither position requires significant climbing,

extended contact with the general public, or extended periods of concentration.  As such,

both positions are within plaintiff's physical and mental limitations, as determined by the

ALJ.  This court does note that the ALJ could have elaborated on this issue, and this

court no doubt benefits from the magistrate judge's thorough discussion of this objection.

Nonetheless, the ALJ applies the correct legal standard and reaches a conclusion

supported by substantial record medical evidence.

## IV.    CONCLUSION

For the reasons stated above and in the magistrate judge's Report, it is therefore

**ORDERED** that the Commissioner's decision denying benefits be **AFFIRMED**.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 21, 2006**
**Charleston, South Carolina**

10